Fred Junior BLANTON, Appellant,

v.

The STATE of Texas, Appellee.

No. 63148.

Court of Criminal Appeals of Texas,
Panel No. 3.

June 9, 1982.

Jack L. Paris, Jr., Greenville, court appointed, for appellant.

Jerry Spencer Davis, Dist. Atty., Greenville, Robert Huttash, State's Atty., Austin, for the State.

Before ODOM, DALLY and McCORMICK, JJ.

OPINION

DALLY, Judge.

This is an appeal from a conviction for the offense of burglary; the punishment, which was enhanced by a prior felony conviction, was assessed by the jury at imprisonment for ten years.

The appellant's third ground of error reveals reversible error. In that ground the appellant asserts that over his objection State's Exhibit 10G, a motion to revoke probation, which was included in the pen packet was erroneously admitted in evidence. The complete pen packet was offered in evidence to prove the alleged prior conviction of burglary of a motor vehicle; in that case the appellant had received probation.

When the pen packet was offered in evidence the appellant's counsel made a timely and specific objection to State's Exhibit 10G as follows:

"MR. PARIS: Defendant objects to the introduction of State's Exhibit No. 10G, which is the motion to revoke probation of sentence in that the, the language of the motion sets forth allegations of a felony charge which did not result in a final conviction and would not otherwise be admissible in this court and which by its nature and the language set forth in there is very prejudicial to the Defendant, that language specifically being with regard to the last paragraph, stating that the State would further show the Defendant herein did then and there violate the terms and conditions of said probation in that Fred Junior Blanton, on or about the 17th day of October, A.D. '76, County of Hunt, State of Texas, did then and there knowingly and intentionally have sexual intercourse with J_____, hereinafter referred to as Complainant, a female not his wife, without the consent of Complainant. That charge, that there

has been no showing that that has resulted in a final confiction, and it would not otherwise be admissible and is objectionable because of its prejudicial value against the Defendant.

" . . . .

"MR. PARIS: Your Honor, I would point out that the order revoking probation reflects only that a finding was made by this honorable court that a violation of probation had been made as to the commission of an offense against the law of this or any other state of the United States. There is no finding of guilt with regards to the specific allegations to which we have objected, and they are prejudicial, and should not be admitted into evidence and presented to the jury."

Counsel's objection should have been sustained. Cf. *Hernandez v. State*, 599 S.W.2d 614 (Tex.Cr.App.1980).

■ The unproved allegations of rape in State's Exhibit 10G were not admissible under the provision of Article 37.07, Section 3(a), V.A.C.C.P. nor for any other reason. In this instance counsel's trial objections were specific and timely. In *Hernandez v. State*, supra, the majority of the court en banc found counsel's trial objections were not specific and a different result was reached when the same kind of evidence was admitted.

The appellant also asserts that the State failed to prove appellant's entry into the building was "without the effective consent of Zerline Williams, the owner." Cutie Zerline Williams, the proprietor of a cafe in which the appellant was sometimes a customer, testified as follows:

"Q. Did you give Fred Junior Blanton permission to enter your building?

"A. No.

"Q. All right. You didn't give him permission to break in or be there at that time of the morning?

"A. No.

" . . . .

"Q. All right. Were you the owner of Cutie's Cafe on January the 28th, 1979? This year?

"A. Yeah.

■ Although the testimony of Williams could have been more precise, we find that the evidence is sufficient to show beyond a reasonable doubt that she did not give the appellant effective consent to enter her cafe on January 28, 1979, the day of the alleged offense.

The judgment is reversed and the cause is remanded.