**Michael Erin ALLEN, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 01–82–0408–CR.**

Court of Appeals of Texas,
Houston (1 Dist.).

March 3, 1983.

Rehearing Denied Aug. 11, 1983.

Allen C. Isbell, Houston, for appellant.

Richard Mason, Houston, for appellee.

Before DUGGAN, SMITH and LEVY, JJ.

## OPINION

DUGGAN, Justice.

Appellant was found guilty of aggravated robbery by a jury, which then found the allegations of the two enhancement paragraphs of the indictment to be "true". The court thereafter assessed the mandatory life sentence.

In two grounds of error, appellant urges that the trial court erred in overruling his objection to State's Exhibit No. 3, one of the two pen packets admitted in evidence. He argues that the pen packet included two instruments, a motion to revoke probation and an order revoking probation and imposing sentence, both of which referred to an offense of possession of marihuana which was not shown to be a final conviction, in violation of Tex.Code Crim.Pro.Ann. art. 37.07, § 3(a) (Vernon 1981). The record indicates that the prosecutor, during jury argument, specifically called the jury's attention to the motion to revoke probation.

Appellant cites the recent case of *Blanton v. State,* 633 S.W.2d 903 (Tex.Cr.App.1982), as requiring reversal of the case before us. *Blanton* held that allegations of an extraneous offense in a motion to revoke probation and in an order revoking probation, both included within a pen packet, were not admissible before a jury considering enhancement of punishment, unless the allegations resulted in a final conviction. However, as in *Blanton,* the initial question before us is whether a timely and specific objection was made apprising the trial court of this objectionable information in the exhibit, or whether the inadmissibility was waived by an insufficient objection, as in *Hernandez v. State,* 599 S.W.2d 614 (Tex.Cr.App.1980).

While appellant argues in his brief that he objected to the admission of the pen packet because it contained the two instruments referring to "an offense of marihuana possession which was not shown to be a final conviction," appellant's actual objection was as follows:

[Defense Counsel]: The incarceration imposed by virtue of the transaction alleged in this pen packet came about as a result of a revocation of a probation, according to the pen packet, and this pen packet contains the motion to revoke probation and the Order and the only judgment, only proper judgment in here is one suspending the sentence imposed and then the subsequent motion to revoke is not any judgment upon which the State may rely to prove a final conviction in this cause.

The State urges that this objection failed to direct the trial court's attention with sufficient specificity to the grounds of objection appellant now urges on appeal.

In *Blanton,* the defendant's objection clearly directed the trial court's attention to the offending and inadmissible information in both the motion to revoke and the order revoking probation there involved. The defendant's objection to the motion to revoke probation was as follows:

[Blanton's attorney]: Defendant objects to the introduction of State's Exhibit No. 10–G, which is the motion to revoke probation of sentence, in that the, *the (sic) language of the motion sets forth allegations of a felony charge which did not result in a final conviction* and would not otherwise be admissible in this court . . ., that language specifically being with regard to the last paragraph, stating that the State would further show [then reading verbatim from the allegations of the

motion charging the particulars of the offense]. (emphasis added).

The *Blanton* trial objection to the order revoking probation in the pen packet was as follows:

[Blanton's attorney]: Your Honor, I would point out that the order revoking probation reflects only that *a finding was made by this honorable court that a violation of probation had been made as to the commission of an offense against the law* .... *There is no finding of guilt with regards to the specific allegations to which we have objected,* and they are prejudicial, and should not be admitted into evidence and presented to the jury. (emphasis added).

633 S.W.2d at 904.

To the contrary, in *Hernandez, supra,* the following objection by defendant was held not to be sufficiently specific:

I object on the grounds that the pen pack contains an extraneous offense on a non-final conviction and should not be given to the jury for consideration.

*Hernandez* held that the quoted trial objection sufficiently stated *grounds* for the objection, but was insufficient to apprise the court of the *document* within the pen packet to which objection was being made.

 Appellant in the case before us did refer to the "motion to revoke probation and the order," i.e., the *documents* he complains of within the multi-page pen packet. However, his objection failed to use language that would have alerted the trial court that either document included a reference to an extraneous offense for which appellant had not been convicted. An objection must not only identify what is objected to but must set forth *grounds* for the objection. *Evans v. State,* 480 S.W.2d 387 (Tex.Cr.App.1972); *Hernandez,* at 617. Appellant's objection in the case at bar, quoted first above, is clearly not as specific in stating the grounds relied upon as the objections made in either *Blanton* or *Hernandez.*

Because of the insufficiency of the objection to point out grounds of inadmissibility of the two instruments complained of, nothing is preserved for review. Appellant's two grounds of error are overruled.

The conviction is affirmed.

LEVY, J., dissenting.

LEVY, Justice, dissenting.

I respectfully dissent.

Appellant's two grounds of error come too closely after *Blanton v. State,* 633 S.W.2d 903 (Tex.Cr.App.1982), for me not to consider the distinction drawn by the majority to be vexatious. The problem here is to determine whether counsel's trial objection had the requisite specificity to be within the penumbra of *Blanton,* while simultaneously avoiding the generality condemned by *Hernandez v. State,* 599 S.W.2d 614 (Tex.Cr.App.1980).

Unlike *Hernandez,* the appellant here explicitly identified the two documents complained of, and objected that "... the motion to revoke is not any judgment upon which the State may rely to prove a final conviction in this cause." The majority's insistence on the fatality of the omission of the phrase "extraneous offense" from the objection appears to me to require a semantic precision more appropriate to a mathematical treatise than to the tension and conflict of a contested criminal proceeding. It appears to me that the counsel's trial objection was not perfectly comprehensive, but gave fair and adequate notice to the trial court as to the erroneous character of admitting the two pen packets. Intensifying the unfairness to the appellant is the record's showing that the prosecutor specifically called the jury's attention to the motion to revoke during jury argument.

Appellant here was subject to the automatic application of § 12.42(d) of the Penal Code upon the jury's affirmation of the two enhancement allegations, and hence we cannot verify the presence of punishment prejudice by the degree of punishment assessed by the jury. But I cannot say that the admission of the motion to revoke probation, and the order revoking probation, both contained in the pen packet, did not improp-

erly influence or suggest to the jury to find both prior enhancements "true."

I would reverse and remand for a new trial.