**Michael Erin ALLEN, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 875–83.**

Court of Criminal Appeals of Texas, En Banc.

June 20, 1984.

Allen C. Isbell, on appeal only, Houston, for appellant.

John B. Holmes, Jr., Dist. Atty., Richard Mason, Tommy Proctor and Eric Hagstette, Asst. Dist. Attys., Houston, Robert Huttash, State's Atty., and Cathleen Riedel, Asst. State's Atty., Austin, for the State.

OPINION ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW

CLINTON, Judge.

The primary offense is aggravated robbery. Two prior felony offenses were alleged to enhance punishment pursuant to V.T.C.A.Penal Code, § 12.42(d). After the jury found appellant guilty and also found the two enhancement paragraphs were true, the trial court assessed punishment at confinement for life.

The first enhancing conviction was alleged to have occurred October 7, 1969 in Cause No. 135,459 in the 178th District Court of Harris County. To prove its allegation the State offered a pen packet, State's Exhibit 3, and objections made by appellant were overruled. The Houston (1st) Court of Appeals has held that the trial court did not err in overruling the objection set out in its opinion in *Allen v. State*, 657 S.W.2d 151 (Tex.App.—Houston, 1983).[1] This Court granted appellant's petition for discretionary review to examine that determination. For a different reason we will affirm the judgment.

---

1. The objection as it appears in the record is:

   "The incarceration imposed by virtue of the transaction alleged in this pen packet came about as a result of a revocation of probation, according to the pen packet, and this pen packet contains the motion to revoke probation and the Order. And the only judgment, only proper judgment in here is one suspending the sentence imposed and then the subse-

quent motion to revoke *and* is not any judgment upon which the State may rely to prove a final conviction in this cause."
   (All emphasis is added throughout by the writer of this opinion unless otherwise indicated.)
   We observe that when it came to reproduce appellant's objection, the court of appeals omitted the "and" underscored above. See *Allen v. State*, 657 S.W.2d at 152.

At once obvious is that the objection at issue is, as appellate counsel (who did not try the case), characterizes it, "somewhat rambling." It is also ambiguous.[2] A majority of the court of appeals, as well as the dissenter, identified the documentary target of the objection to be "motion to revoke probation and order," but parted company on whether grounds for the objection had been adequately given. With deference, from the full context of the punishment hearing we believe trial counsel was attempting to articulate an entirely different ground for excluding State's Exhibit 3.

Initially to be noticed is that appellant filed a motion to quash the indictment, paragraph V of which alleges in pertinent part:

"The second enhancement paragraph ... is defective for the reason that it is based on a conviction in cause number 135459 *which did not result in a final conviction....*"

However, at a pretrial hearing appellant opted to "reserve" that and other contentions pertaining to enhancement "if we get to them."

At the beginning and outside the presence of the jury the trial court "arraigned" appellant on the enhancement paragraphs. The latter initially pleaded "true" to the first paragraph only to be corrected by his counsel. After he answered "not true" to both paragraphs there followed a colloquy between counsel and court in which counsel explained that appellant had agreed to stipulate that he is the same person whose fingerprints appear on the pen packets "which will be offered into evidence," but that

"we are preserving our right to—

THE COURT: Plead not true?

[DEFENSE COUNSEL]: Yes, sir, and to attact [sic] the *validity of the underlying convictions.*

THE COURT: All right. Is that satisfactory with the State?

[PROSECUTOR]: It is, Your Honor."

The State then drafted a stipulation and had its two pen packets marked for identification in order to refer to them by number, and during the course of discussion about all that defense counsel remarked, "I just wanted to make sure that what we're agreeing to here didn't encroach upon what we were trying to preserve."

With the jury back in the courtroom the indictment was read, appellant pleaded "not true," the stipulation was read and the two exhibits were offered.[3] Appellant objected serially to each on hearsay grounds in that neither was properly certified and exemplified.[4] Then in a discussion before the bench he further voiced the objection at issue in this cause.

We are satisfied that the objection was an effort to contend that the pen packet which is State's Exhibit 3 did not actually show a valid conviction in that the "only proper judgment in here is one suspending the sentence imposed and ... [there] is not any judgment upon which the State may rely to prove a final conviction in this cause." Such is the clear import of the contention made in the pretrial motion to suppress that appellant took pains to "reserve taking up ... if we get to [it]." There is not the slightest hint elsewhere in this record that appellant and his counsel were concerned about prejudice on account of the packet containing a motion to revoke and order thereon. Rather their position

---

2. We suspect that something has been lost in transcription, for the last sentence is so awkward that nearly every one who has undertaken to quote it has misstated its content in one way or another. See, e.g., note 1, *ante.* The problem seems to be in finding a subject for the last "is"—that is to ask, just what did trial counsel say or mean "is not any judgment upon which the State may rely to prove a final conviction in this cause."

3. The pen packet relevant to the second conviction (theft) alleged for enhancement also contained papers revealing three other prior convictions: escape, rape and burglary with intent to rape.

4. As to State's Exhibit 2, he also objected that the conviction alleged for enhancement was based on a fundamentally defective indictment and there was nothing to show that the offense had been committed after the earlier conviction reflected by Exhibit 3 had become final.

was that after the initial judgment placing appellant on probation there is not in the packet a subsequent final "judgment." We find that the thrust of the objection was to complain that the revocation order does not constitute a judgment showing a final conviction—not that presence of the motion to revoke and order thereon was offensive. So understood, the objection is, of course, without merit.

For these reasons the judgment of the Houston (1st) Court of Appeals is affirmed.