**Ricky Lee GORRER, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 09 85 147 CR.**

Court of Appeals of Texas, Beaumont.

Sept. 16, 1987.

Douglas M. Barlow, Beaumont, for appellant.

John R. DeWitt, Asst. Criminal Dist. Atty., Beaumont, for appellee.

## OPINION

DIES, Chief Justice.

A jury found Appellant guilty of aggravated robbery and, after finding enhancement allegations "True", assessed punishment at fifty years in the Texas Department of Corrections. His attorney filed a "frivolous appeal" brief in accordance with *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), and *High v. State,* 573 S.W.2d 807 (Tex.Crim.App. 1978). On May 22, 1986, Appellant filed a pro se brief. On June 25, 1986, in a per curiam opinion, this Court wrote:

"We have reviewed appellant's grounds of error and are of the opinion that those raised by appellant along with some of the arguable grounds [in his first attorney's brief] deserve further consideration. We, therefore, abate this appeal and direct the trial court to appoint new appellate counsel...."

Point of error number one states:

"The Trial Court erred in admitting the purported identification of Appellant before the jury by the complaining witness."

■ The complaining witness identified Appellant in a police lineup, in mug shots, and in court, but testified he was not positive because "he had a knife in his hand." The standard for this evidence is set out in *Herrera v. State,* 682 S.W.2d 313 (Tex. Crim.App.1984). Appellant admits that he has a heavy burden in this case to show error in the identification. We hold that he has not, and overrule this point of error. *See Williams v. State,* 466 S.W.2d 313 (Tex.Crim.App.1971); *Martinez v. State,* 507 S.W.2d 223 (Tex.Crim.App.1974).

Point of error number two follows:

"The trial court erred in admitting State's Exhibit No. 5, a pen packet."

■ The argument advanced is that the judgment in said exhibit also contained a recitation as to an additional allegation of a "repeated offense"; that this allegation alleged an extraneous offense which "was not shown to be a final conviction"; that this violated *TEX.CODE CRIM.PROC. ANN. art. 37.07,* and citing also *Blanton v. State,* 633 S.W.2d 903 (Tex.Crim.App.1982). In *Blanton,* a motion to revoke probation of sentence was admitted. Appellant objected that allegations of a felony charge therein "did not result in a final conviction...." In our case, the objection made was: "... and we object to the second line in that portion of the Judgment which states or alludes to the offense 'Robbery and a repeated offense' ", an objection not as specific as in *Blanton, supra.* It, therefore, seems to violate the rule of *Crocker v. State,* 573 S.W.2d 190 (Tex.Crim.App. 1978), which requires the objection at trial and on appeal to be one and the same. The language, "repeated offense", does not allege an offense (such as "rape" in *Blanton, supra*). It is surplusage and, no doubt, intended to bring out that Appellant had been indicted for robbery and that the indictment contained an enhancement para-

graph. The only offenses of which Appellant had been convicted, referred to by the prosecutor, were shown to be final convictions. This point of error is overruled.

Point of error number three states:

"The trial court erred in admitting State's Exhibit No. 6, evidence of an Arizona conviction."

■ Appellant contends that the document did not purport to charge a felony under Texas law; that, in determining whether the offense is a felony, it may be presumed—unless proven otherwise—that the laws of the foreign jurisdiction classify offenses in the same manner as Texas, citing *Brooks v. State*, 642 S.W.2d 791 (Tex.Crim.App.1982); that the offense of conspiracy in Texas [*TEX.PENAL CODE ANN. 15.02* (Vernon 1974)] may either be a felony or a misdemeanor. This judgment recites that Appellant is "guilty of the Crime of felony, second degree, a felony." *Brooks v. State, supra,* at 798, points out that a felony [*TEX.PENAL CODE ANN. sec. 1.07(a)(14)* (Vernon 1974)] is one so designated by law or punishable by death or confinement in a penitentiary. This point is overruled.

Appellant's fourth point of error is:

"The trial court erred in allowing the State to imply that a witness was scared of Appellant."

■ Appellant cites *Johnson v. State*, 662 S.W.2d 368 (Tex.Crim.App.1984), and *Thomas v. State*, 519 S.W.2d 430 (Tex. Crim.App.1975). These cases are not as comprehensive as Appellant contends. *Thomas v. State, supra,* deals with the impropriety of implying that a witness has been frightened from the courtroom. Accord was *Johnson v. State, supra.* In both cases the real problem was argument unsupported by evidence.

The testimony of Elaine Jacquet relied on by Appellant was, inter alia:

"Q. Are you scared today?

"A. Yes.

"Q. Are you frightened that something may happen to you?

"A. Yes."

This testimony undoubtedly had as its purpose to explain why the witness had not reported to the police the receiving of part of the stolen money from the complaining witness in the robbery involved. Appellant cites no case holding such to be error. Furthermore, the objection to the evidence was "Your honor, we're going to object. That's improper." Such objection does not satisfy the requirements of *Hill v. State,* 403 S.W.2d 421 (Tex.Crim.App.1966). This point of error is overruled.

■ Appellant's final point of error follows:

"Reversible error occurred when the prosecutor asked the members of the jury to place themselves in the shoes of the victim."

The argument complained of is as follows:

"[Prosecutor continues]: You know, you have to think about who shapes our society. You know, do those type of people shape what we do? Well, think about it. How many of you people have deadbolts on your doors at home, and how many of you people make sure your doors are locked before you leave?

"And when you get home at night, are you a little scared that somebody may be in there waiting for you, or some of you women—

"[Defense Counsel]: Your Honor, we're going to object to this as being outside the Record, and not even relevant to this offense.

"THE COURT: Overuled."

We admit, as indeed we must, that this argument strains at the enclosure set forth in *Alejandro v. State,* 493 S.W.2d 230 (Tex. Crim.App.1973), and is condemned in *Chandler v. State,* 689 S.W.2d 332, 334 (Tex. App.—Fort Worth 1985, no pet.).

However, most objectionable argument is outside the perimeter of *Alejandro v. State, supra,* and is seldom error that is reversible. "A prosecuting attorney, though free to strike hard blows, is not at liberty to strike foul ones...." *Jordan v. State,* 646 S.W.2d 946, 948 (Tex.Crim.App. 1983). We believe that while this argu-

ment is hard, it is not foul, and thus overrule this point of error.

In his pro se brief, Appellant contends his trial counsel was ineffective. While he is not entitled to hybrid representation, we have reviewed Appellant's contention and reject it.

The judgment of the trial court is affirmed.

Affirmed.