**Ronald Glenn FRAZIER, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 6–87–009–CR.**

Court of Appeals of Texas, Texarkana.

Oct. 18, 1988.

Discretionary Review Refused Feb. 22, 1989.

Gary L. Waite, Paris, for appellant.

Tom Wells, Dist. Atty. of Lamar County, Paris, for appellee.

CORNELIUS, Chief Justice.

Ronald Glenn Frazier was convicted of burglary of a habitation. Punishment was set by the jury at eighteen years' confinement.

In two points of error, Frazier contends the trial court erred in denying his motion for mistrial based upon prejudicial comments in the prosecutor's closing argument, and that the evidence was insufficient to prove the structure burglarized was a habitation. We overrule both points and affirm the judgment.

Frazier and three others were seen by an eyewitness as they broke into the Best Western Inn in Paris, Texas. The witness called the police and watched as the four men carried televisions, bed linen, pillows, and mirrors from the motel room to their car. After a police chase, the car was stopped, and Frazier was identified as one of the passengers. The items taken from the motel were found in the back seat.

The owner of the Best Western Inn testified that the motel rooms were adaptable for overnight or monthly accommodations, but were not rented on the night of the burglary. The rooms were equipped with a kitchen and refrigerator, and had previously been used as an apartment.

During the punishment phase of Frazier's trial, the prosecutor introduced copies of an indictment, order of probation, and order revoking probation from a prior conviction. The defense made no objection. The prosecutor was then allowed to read from the exhibits, again with no objection. During closing arguments, the prosecutor repeated the allegations used to revoke Frazier's probation. Frazier's objection was sustained. The trial judge instructed the jury to disregard that portion of the argument, but overruled Frazier's motion for mistrial.

The State may prove that probation was revoked, but may not prove the details of the offense made the basis of the revocation. *Cliburn v. State,* 661 S.W.2d 731 (Tex.Crim.App.1983); *Blanton v. State,* 633 S.W.2d 903 (Tex.Crim.App. [Panel Op.] 1982). The prosecutor may, however, summarize and draw reasonable deductions from the evidence which has been properly admitted or admitted without objection. *Denison v. State,* 651 S.W.2d 754, 761 (Tex. Crim.App.1983).

In this case, the State placed in evidence documents containing allegations and details of the offense used to revoke Frazier's probation. There was no objection. A timely objection to inadmissible evidence must be urged at the first opportunity. Failure to do so constitutes a waiver, *Cisneros v. State,* 692 S.W.2d 78 (Tex. Crim.App.1985), and nothing is preserved

for review. *Barker v. State,* 740 S.W.2d 579 (Tex.App.–Houston [1st Dist.] 1987, no pet.). Since the details of the offense were introduced into evidence and read to the jury without objection, they were in evidence and subject to comment of the prosecutor.

Next, Frazier contends the evidence was insufficient to prove the structure burglarized was a habitation.

Habitation is defined in Tex.Penal Code Ann. § 30.01 (Vernon 1974) as:

"Habitation" means a structure or vehicle that is adapted for the overnight accommodation of persons, and includes:

(A) each separately secured or occupied portion of the structure or vehicle; and

(B) each structure appurtenant to or connected with the structure or vehicle.

The place burglarized was a motel, and even though the particular rooms were not rented on the evening of the burglary, they were adapted for overnight or monthly accommodations. The evidence is clearly sufficient to establish that the motel is a habitation within the penal code definition.

For the reasons stated, the judgment is affirmed.