

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

_____

No. 07-15-00030-CR
_____

ERIC ROBERTSON, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 427th District Court
Travis County, Texas[1]
Trial Court No. D-1-DC-14-904031, Honorable Jim Coronado, Presiding

September 25, 2015

## MEMORANDUM OPINION

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

Upon notice by the State and review of the record, we withdraw our prior opinion of September 10, 2015, and issue the following in its place.

Appellant, Eric Robertson, was indicted in a four count indictment that alleged the following offenses: Count 1, burglary of a habitation;[2] Count 2, attempted aggravated

---

[1] Pursuant to the Texas Supreme Court's docket equalization efforts, this case was transferred to this Court from the Third Court of Appeals. See TEX. GOV'T CODE ANN. § 73.001 (West 2013).

[2] See TEX. PENAL CODE ANN. § 30.02(a)(1) (West 2011).

sexual assault;[3] Count 3, aggravated assault with a deadly weapon causing bodily injury;[4] and Count 4, aggravated assault with a deadly weapon causing serious bodily injury.[5] Prior to commencing trial, the State withdrew Count 3 of the indictment. A jury convicted appellant of all three counts that were alleged in the indictment and presented to the jury. Appellant elected to have the jury assess punishment and, after hearing the punishment evidence, the jury sentenced appellant to 60 years for burglary of a habitation, 18 years for attempted aggravated sexual assault, and 10 years for aggravated assault causing serious bodily injury, all sentences to be served concurrently in the Institutional Division of the Texas Department of Criminal Justice (ID-TDCJ). Appellant has appealed the judgment and sentence for burglary of a habitation via one issue. Appellant contends that the evidence was insufficient to support the jury's verdict. Disagreeing with appellant, we will affirm.

Factual and Procedural Background

Inasmuch as appellant only challenges the sufficiency of the evidence on the issue of whether the location of the offense in question was a habitation, we will give an abbreviated version of the factual background.

On August 21, 2013, a housekeeping worker at the Austin Marriott Hotel was attacked while preparing Room 728 for the next hotel patron. As a result of the attack, the housekeeper was hospitalized with severe injuries. While in the hospital, the worker

---

[3] *See id.* §§ 15.01(b) (West 2011), 22.021(a)(1), (2) (West Supp. 2014).

[4] *See id.* § 22.02(a)(2) (West 2011).

[5] *See id.* § 22.02(a).

2

identified appellant as her attacker. Surveillance video shows appellant fleeing the hotel. At trial, the housekeeper again identified appellant as her attacker.

During the trial, David Malberg, the general manager of the Marriott Hotel, testified that the guest who had rented the room in question had checked out prior to the attack at issue. Malberg testified that, at the time of the attack, the room was being cleaned and was not ready for renting.

At the conclusion of the testimony during the guilt/innocence phase of the trial, the jury found appellant guilty of the offense of burglary of a habitation. Following the punishment portion of the trial, in accordance with the jury's verdict, the trial court sentenced appellant to confinement in the ID-TDCJ for a period of 60 years on the burglary of a habitation count of the indictment. Appellant appeals, contending that the evidence is insufficient to support the jury's implied finding that the site of the burglary was a habitation. Disagreeing, we will affirm.

Standard of Review

In assessing the sufficiency of the evidence, we review all the evidence in the light most favorable to the verdict to determine whether any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 61 L. Ed. 2d 560 (1979); *Brooks v. State*, 323 S.W.3d 893, 912 (Tex. Crim. App. 2010). "[O]nly that evidence which is sufficient in character, weight, and amount to justify a fact finder in concluding that every element of the offense has been proven beyond a reasonable doubt is adequate to support a conviction." *Brooks*, 323 S.W.3d at 917 (Cochran, J., concurring). We remain mindful

that "[t]here is no higher burden of proof in any trial, criminal or civil, and there is no higher standard of appellate review than the standard mandated by *Jackson.*" *Id.* (Cochran, J., concurring). When reviewing all of the evidence under the Jackson standard of review, the ultimate question is whether the jury's finding of guilt was a rational finding. *See id.* at 906, 907 n.26 (discussing Judge Cochran's dissenting opinion in *Watson v. State*, 204 S.W.3d 404, 448–50 (Tex. Crim. App. 2006), as outlining the proper application of a single evidentiary standard of review). "[T]he reviewing court is required to defer to the jury's credibility and weight determinations because the jury is the sole judge of the witnesses' credibility and the weight to be given their testimony." *Id.* at 899.

The sufficiency standard set forth in *Jackson* is measured against a hypothetically correct jury charge. *See Malik v. State*, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997). Such a charge is one that accurately sets forth the law, is authorized by the indictment, does not unnecessarily increase the State's burden of proof or unnecessarily restrict the State's theories of liability, and adequately describes the particular offense for which the defendant was tried. *Id.* The "'law' as 'authorized by the indictment' must be the statutory elements of the offense" charged "as modified by the charging instrument." *Curry v. State*, 30 S.W.3d 394, 404 (Tex. Crim. App. 2000).

Applicable Law

The Texas Penal Code defines burglary, as indicted in this case, as entering a habitation, or building (or any portion of a building) not then open to the public, without the effective consent of the owner, and with intent to commit a felony, theft or an

4

assault, or remaining concealed with intent to commit a felony, theft or an assault. *See* TEX. PENAL CODE ANN. § 30.02(a)(1), (2).[6] Section 30.01(1) defines habitation as a "structure or vehicle that is adapted for overnight accommodation of persons," including "each separately secured or occupied portion of the structure or vehicle" and "each structure appurtenant to or connected with the structure or vehicle." § 30.01(1).

Analysis

Appellant introduces his issue by identifying Room 728 as a room that is not rented to a guest and not yet ready for renting at the time of the offense and then posits that such a room cannot be a habitation; rather, it must be a building. However, appellant's issue is not properly framed. The true issue is whether a jury could have rationally found all of the elements of burglary of a habitation, including that the room in question was a habitation. *See Blankenship v. State*, 780 S.W.2d 198, 209–10 (Tex. Crim. App. 1989) (en banc).

The Texas Court of Criminal Appeals has offered some guidance on the question of distinguishing a habitation from a building. According to the court, a jury might look at the contents of the structure, including bedding, electricity, plumbing, or furniture; further, the jury might look at the type of structure in question and its typical use as a means of overnight accommodations. *See Salazar v. State*, 284 S.W.3d 874, 877 (Tex. Crim. App. 2009).

When applying this factually specific analysis to the case before the Court, we find that the record supports the following observations. First, the site of the assault

---

[6] Further reference to the Texas Penal Code will be by reference to "section ____" or "§ ____."

5

was in fact a room at the hotel, Room 728. The records of the hotel reveal that, on the night immediately before the burglary, the room had been rented. The room contained two beds and an operating bathroom. Additionally, the room also had chairs and a desk in it, along with a dresser containing drawers for clothing and a closet. Thus, the record clearly demonstrates that Room 728 was a structure adapted for overnight accommodations. *See* § 30.01(1), *see also Frazier v. State,* 760 S.W.2d 334, 336 (Tex. App.—Texarkana 1988, pet. ref'd) (holding that, even though the particular rooms at the motel were not rented at the time of the burglary, they were adapted for overnight accommodations).

Appellant's argument seems to confuse a room not ready for commercial renting or leasing with a room not adapted for overnight accommodations. The fact that the manager of the hotel says he will not rent a room to a customer until it has been cleaned in no way impacts whether that room is adapted for overnight accommodations.

We find that the evidence supports the conclusion that a rational trier of fact could find that the State had proven all the necessary elements of the charge beyond a reasonable doubt. *See Brooks*, 323 S.W.3d at 917. Accordingly, the verdict of the jury was a rational verdict. *See id.* at 906, 907 n.26. Appellant's issue to the contrary is overruled.

6

## Conclusion

Having overruled appellant's sole issue, we affirm the trial court's judgment.


Mackey K. Hancock
Justice

Do not publish.