

Donald W. Rogers, Jr., court appointed on appeal, Houston, for appellant.

John B. Holmes, Jr., Dist. Atty., Ray Elvin Speece and Lewis Dickson, Asst. Dist. Attys., Houston, Robert Huttash, State's Atty., Austin, for the State.

**Douglas Henry CLIBURN, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 64134.**

Court of Criminal Appeals of Texas, En Banc.

Dec. 7, 1983.

Rehearing Denied Jan. 11, 1984.

## OPINION

W.C. DAVIS, Judge.

A jury found appellant guilty of theft of an automobile and assessed punishment at ten years' confinement.

Appellant contends that the trial court committed reversible error by admitting, over his objection, State's Exhibit No. 13, a penitentiary packet, which contained a motion to revoke probation. Appellant contends that this motion to revoke probation referred to an unadjudicated extraneous offense by reciting that:

> On the 14th day of May, 1976, the Defendant, Douglas Cliburn, violated the terms and conditions of his probation in that he unlawfully, without the effective consent of Marie Lollar, the owner thereof, enter a habitation, with intent to commit theft, in violation of Condition (A) of his Adult Probation as set forth in Court's Judgment of Conviction on February 20, 1975.

Appellant recognizes that the fact of revocation of probation can be shown, but points out that Art. 37.07, V.A.C.C.P. prohibits introduction of any evidence of extraneous offenses not resulting in a final conviction.

Appellant objected specifically and timely to "the setting forth of the particular facts and circumstances constituting the violation of probation, which was made the basis for revoking it. It's an extraneous offense, and it's not a final conviction; and it also sets out the details of the offense."

The State answers that the allegation is an integral part of the document essential to the proof of appellant's prior conviction. We disagree that an extraneous offense is an integral part of the State's proof. We have repeatedly held that "the fact of the prior conviction and the identity of the accused as the person so convicted are the necessary elements," *Mullins v. State,* 492 S.W.2d 277 (Tex.Cr.App.1973), and that extraneous offenses are inadmissible under Art. 37.07, V.A.C.C.P. The State is entitled to show that the probation was revoked, but is not entitled to show the details of the offense that was the basis for the revocation. Appellant's objection should have been sustained. *Blanton v. State,* 633 S.W.2d 903 (Tex.Cr.App.1982); *Ramey v. State,* 575 S.W.2d 535 (Tex.Cr.App.1978); ·*Sherman v. State,* 537 S.W.2d 262 (Tex.Cr. App.1976).

In light of the fact that the jurors asked specifically to see State's Exhibit No. 13 and in light of the fact that appellant was assessed the maximum punishment allowable, we cannot say the introduction of the extraneous offense was not prejudicial. The judgment is reversed and the cause remanded.[1]

ONION, P.J. and CAMPBELL, J., dissent.

---

**1.** Because this case may be retried we note that appellant also raised a contention of error in the portion of the charge applying the law of parties to the facts. The charge included the phrase "either acting alone, or with another," and the record shows that no evidence supported the theory of acting alone. The charge is erroneous. However, appellant's objection that the charge "fails to apply" the law of parties to the facts was not sufficient to alert the trial court to his complaint nor to preserve error on this ground. We trust that the trial court will avoid this problem in the event of a retrial.