**Sylvester HUGHES, III, Appellant,**

v.

**STATE of Texas, Appellee.**

**No. 13–83–240–CR.**

Court of Appeals of Texas,
Corpus Christi.

Jan. 26, 1984.

J. Ronald Vercher, Houston, for appellant.

J. Sidney Crowley, Asst. Dist. Atty., Houston, for appellee.

Before NYE, C.J., and YOUNG and KENNEDY, JJ.

## OPINION

NYE, Chief Justice.

This is an appeal from the conviction of aggravated robbery, enhanced by a prior felony conviction of burglary of a building with intent to commit theft. The jury found appellant guilty and assessed punishment at confinement in the Texas Department of Corrections for a period of thirty years. Appellant raises four grounds of error. The sufficiency of the evidence is not challenged on appeal. We affirm.

▮ In grounds of error one and two, appellant contends the trial court erred in permitting Barbara Martin to act as interpreter for two of the state's witnesses, Lee Morgan and Thomas Gorsky, because she was not shown to be a qualified interpreter in compliance with TEX.CODE CRIM. PROC.ANN. art. 38.31 (Vernon Supp.1982). Article 38.31 provides the following for the appointment of a "qualified interpreter" for deaf or deaf-mute persons:

(a) If the court is notified by a party that the defendant is deaf and will be present at an arraignment, hearing, examining trial, or trial, or that a witness is deaf and will be called at a hearing, examining trial, or trial, the court shall appoint a qualified interpreter to interpret the proceedings in any language that the deaf person can understand, including but not limited to sign language. On the court's motion or the motion of a party, the court may order testimony of a deaf witness and the interpretation of that testimony by the interpreter visually, electronically recorded for use in verification of the transcription of the reporter's notes. The clerk of the court shall include that recording in the appellate record if requested by a party under Article 40.09 of this Code.

(d) A proceeding for which an interpreter is required to be appointed under this Article may not commence until the appointed interpreter is in a position not exceeding ten feet from and in full view of the deaf person.

(e) The interpreter appointed under the terms of this Article shall be required to take an oath that he will make a true interpretation to the person accused or being examined, which person is deaf, of all the proceedings of his case in a language that he understands; and that he will repeat said deaf person's answer to questions to counsel, court, or jury, in the English language, in his best skill and judgment.

The term "qualified interpreter" as used in Art. 38.31 has been defined as "an interpreter for the deaf whose qualifications have been approved by the State Commission for the Deaf." TEX.CODE CRIM. PROC.ANN. Art. 38.31(g)(2) (Vernon Supp. 1982); *Watson v. State*, 596 S.W.2d 867 (Tex.Cr.App.1980).

In the instant case, a pre-trial hearing was held to determine the qualifications of Barbara Martin to act as an interpreter for two deaf witnesses, Morgan and Gorsky. Concerning her experiences in interpretation for the deaf, Ms. Martin testified that both her parents were deaf and that she had been interpreting for them by sign language all her life, i.e., twenty-three

years. Ms. Martin testified that she was certified as an interpreter by the Registry of Interpreters for the Deaf approximately five or six years earlier, and that her license was currently on file. Prior to the hearing, Ms. Martin testified that she had an opportunity to meet with both witnesses and that she communicated with them by sign language. Ms. Martin stated that she was able to efficiently understand what they were communicating to her and that they understood what she was communicating to them without problems. Ms. Martin also took an oath that she would accurately interpret by sign language the questions presented by the state and the defense to both deaf witnesses, receive their responses, and verbally repeat the witnesses' answers. *See* TEX.CODE CRIM.PROC. ANN. art. 38.31(e) (Vernon Supp.1982).

After the close of the evidence at trial, Ms. Martin was recalled before the court. She testified that the Registry of Interpreters for the Deaf, being the agency from which she received her certification, was recognized by the Texas Commission for the Deaf. On cross-examination, Ms. Martin verified that her certification expired in June of 1983. She also testified that, within the last year from the date of trial, she had served as an interpreter for witnesses in a civil case five or six times.

At the initial hearing on Ms. Martin's qualifications, defense counsel objected to her qualifications to serve as an interpreter in the case on the grounds that there was no testimony that she was currently certified (i.e., that her certification might have expired), and that she would be biased and not an impartial interpreter because she had talked to the deaf witnesses before trial. The trial court overruled both objections.

The evidence was sufficient to show that Ms. Martin was properly qualified as an

interpreter pursuant to TEX.CODE CRIM. PROC.ANN. art. 38.31 (Vernon Supp.1982). A review of the testimony of both Morgan and Gorsky, as interpreted by Ms. Martin, showed no irregularities whatsoever; and no extreme difficulties were experienced throughout the interpretation process on direct and cross-examination. The appellant voiced no objection at trial to the efficiency or accuracy of the interpreter. Appellant's objection on appeal that the testimony of Ms. Martin failed to show proper certification by the State Commission for the Deaf is not the same objection that he raised before the trial court, i.e., that there was no showing that Ms. Martin's certification had not expired. In this respect, there is nothing presented for review. *Nelson v. State,* 607 S.W.2d 554 (Tex.Cr.App.1980); *Simpkins v. State,* 590 S.W.2d 129 (Tex.Cr. App.1979); *Bouchillon v. State,* 540 S.W.2d 319 (Tex.Cr.App.1976). Grounds of error numbers one and two are overruled.

In ground of error number three, appellant contends the trial court committed reversible error in admitting, over appellant's objection, the Order revoking appellant's probation in Cause No. 269,685 at the punishment phase of the trial. Prior to testimony at the punishment phase, appellant requested that a certain portion of State's Exhibit No. 1, a penitentiary packet, not be allowed before the jury when offered by the state. Appellant argued that the Order Revoking Probation and Sentence was not a final conviction as contemplated by TEX.CODE CRIM.PROC.ANN. art. 37.07, section 3(a) (Vernon 1981),[1] and was, therefore, not admissible at that stage of the trial. The trial court overruled appellant's motion and subsequent objection at trial to the admission of the entire penitentiary packet.

1. Art. 37.07, section 3(a), states the following:
   Sec. 3. Evidence of prior criminal record in all criminal cases after a finding of guilty
   (a) Regardless of the plea and whether the punishment be assessed by the judge or the jury, evidence may be offered by the state and the defendant as to the prior criminal record of the

   defendant, his general reputation and his character. The term prior criminal record means a final conviction in a court of record, or a probated or suspended sentence that has occurred prior to trial, or any final conviction material to the offense charged.

As a general rule, the State is entitled to show that the probation was revoked, but is not entitled to show the details of the offense that were the basis for the revocation. *Cliburn v. State,* 661 S.W.2d 731 (Tex.Cr.App.1983); *Blanton v. State,* 633 S.W.2d 903 (Tex.Cr.App.1982); *Ramey v. State,* 575 S.W.2d 535 (Tex.Cr.App.1978); *Sherman v. State,* 537 S.W.2d 262 (Tex.Cr. App.1976). In the instant case, a copy of the Order Revoking Probation and Sentence was admitted into evidence as part of a "pen packet" for the purpose of establishing appellant's "prior criminal record." The Order recited that appellant had been placed on probation and that he had violated the terms of his probation in that "he committed the offense of burglary of a building with intent to commit theft, on February 2, 1979 A.D. in Harris County, Texas."

We note that the unproved allegations of burglary admitted as part of State's Exhibit 1 amounted to an extraneous offense on a non-final conviction and would not be admissible over specific and timely objections under the provision of Article 37.07, section 3(a). *Cliburn v. State,* 661 S.W.2d 731 (Tex.Cr.App.1983); *Blanton v. State,* 633 S.W.2d at 904. However, appellant's objection to the exhibit, which was mostly admissible, failed to specifically point out the particular part that was inadmissible. When the exhibit was offered into evidence, the following objection and response was made:

> MR. VERCHER: And, Judge, I would object to the two pages of the State's Exhibit 1 that are entitled Order Revoking Probation and Sentence for the reason that that is not admissible in this stage of the trial under the laws of the State of Texas and is not properly a part of this State's Exhibit No. 1.
>
> MR. CARLSON: Your Honor, the portion of the penitentiary papers to which

Defense Counsel refers is a final conviction and I submit that it is certainly admissible at this stage in the trial, Your Honor.

> THE COURT: I will overrule the objection.

While it might be conceded that appellant objected, his objection did not identify what was objected to. If part of evidence is admissible and part inadmissible, counsel must specifically point out the inadmissible portion. *Hernandez v. State,* 599 S.W.2d 614 (Tex.Cr.App.1980) (opinion on motion for rehearing); *Heard v. State,* 148 Tex. Cr.R. 19, 184 S.W.2d 285 (1944). Appellant's objection went to the entire Revocation Order, which is otherwise admissible to prove the conviction of the primary offense.[2] Appellant's objection should have been restricted to a setting forth of the particular facts and circumstances constituting the particular violation of probation as an extraneous offense and not a final conviction, which was made the basis for revoking it. *See Cliburn v. State,* 661 S.W.2d 731 (Tex.Cr.App.1983); *Hernandez v. State,* 599 S.W.2d at 617. Appellant's ground of error number three is overruled.

In ground of error number four, appellant contends the trial court erred in applying the law to the facts at the guilt-innocence phase of trial in that the court failed to require the jury to find that the acts alleged by the state occurred in Harris County, Texas.

The court charged the jury as follows:

> Now, if you find from the evidence beyond a reasonable doubt that the defendant, Sylvester Hughes III, on or about August 24, 1981, did then and there unlawfully, while in the course of committing theft of property owned by Lee Morgan, and with intent to obtain and maintain control of the property, intentionally and knowingly threaten and place the

---

**2.** Appellant erroneously relies on the holding in *Baehr v. State,* 615 S.W.2d 713 (Tex.Cr.App. 1981) as the basis for excluding the *Order* (emphasis added) Revoking Probation and Sentence. Baehr holds that neither the deferred adjudication order nor the state's *Motion* (emphasis added) or amended motion to revoke probation is a "prior criminal record" within the meaning of art. 37.07, § 3(a), and admitting them in evidence over valid objection was reversible error.

Complainant, Lee Morgan, in fear of imminent bodily injury and death, by using or exhibiting a deadly weapon, namely, a knife, then you will find the defendant guilty of aggravated robbery as charged in the indictment.

If you do not so believe, or if you have a reasonable doubt thereof, you must find the defendant not guilty of the offense of aggravated robbery as alleged in the indictment.

The appellant did not object to the charge as it was presented to the jury. Without an objection, the error, if any, is harmless. It cannot be considered as fundamental error. *Cumbie v. State,* 578 S.W.2d 732 (Tex.Cr.App.1979).

■ It has long been the law that a court's charge should be viewed as a whole, and a review should not be limited to parts of the charge standing alone. *Cain v. State,* 154 Tex.Cr.R. 284, 226 S.W.2d 640 (1950); *Simmons v. State,* 622 S.W.2d 111 (Tex.Cr.App.1981); *see also Jackson v. State,* 591 S.W.2d 820 (Tex.Cr. App.1980). The first paragraph of the whole charge states: "The defendant, Sylvester Hughes III, stands charged by indictment with the offense of aggravated robbery alleged to have *been committed on or about the 24th day of August 1981, in Harris County, Texas.* The defendant has pleaded not guilty." (Emphasis added).

■ In the complained of application of the law to the facts, the charge includes the following: "... on or about August 24, 1981, did *then and there* unlawfully, ..." With respect to their use in charging instruments, the words "then and there" have been recognized as words of reference as is the phrase "in the County and State aforesaid." *Ex parte Hunter,* 604 S.W.2d 188 (Tex.Cr.App.1980). When read together, we find the above portions of the charge clearly inform the jury that before they were permitted to find appellant guilty, they had to find beyond a reasonable doubt that appellant committed the offense of aggravated robbery on August 24, 1981, in Harris County, Texas. *Simmons*

*v. State,* 622 S.W.2d at 116. Ground of error number four is overruled.

The judgment of the trial court is affirmed.