Malone v. State 



TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN





NO. 03-95-00621-CR





James Benjamin Malone, Appellant


v.


The State of Texas, Appellee





FROM THE DISTRICT COURT OF WILLIAMSON COUNTY, 277TH JUDICIAL
DISTRICT

NO. 94-810-K277, HONORABLE JOHN R. CARTER, JUDGE PRESIDING





 In a jury trial, James Benjamin Malone, appellant, was
convicted of theft and unauthorized use of a motor vehicle, both third
degree felonies. See Tex. Penal Code Ann. §§ 31.03 & 31.07 (West
1994). The jury found appellant to be a habitual offender and assessed
his punishment at ninety-nine years' imprisonment for each crime. (1) In
six points of error, appellant challenges his conviction. He argues the
trial court committed reversible error by: (1) not requiring the State to
elect under which count of the indictment it was going to proceed; (2)
submitting an improper enhancement paragraph to the jury; (3) failing
to properly instruct the jury on punishment; and (4) failing to admonish
him that a guilty plea could result in deportation if he was not a United
States citizen. Appellant also complains that the state and federal
constitutional protections against double jeopardy prohibit conviction
for both theft and unauthorized use of the same motor vehicle. Finally,
appellant contends that he was denied effective assistance of counsel
throughout his trial. We will affirm the trial court's judgment.



BACKGROUND

 In two counts, appellant was indicted of theft (count one) and
unauthorized use of a motor vehicle (count two). See Tex. Penal Code
Ann. §§ 31.03 & 31.07 (West 1994). The indictment also alleged
appellant was an habitual offender. After the jury was selected and
sworn, appellant pleaded not guilty to theft and guilty to unauthorized
use. Before opening statements, appellant's counsel notified the trial
court that he would be moving to have the State elect under which count
it would proceed after the State had rested its case. The State then
informed appellant that it intended to proceed on both counts. At the
conclusion of the State's case-in-chief, appellant filed a handwritten
"Motion for the State to Elect" requesting the trial court to direct the
State to elect under which count of the indictment it was going to
proceed. The trial court heard argument from both parties and denied
appellant's motion. At the trial's conclusion, the jury found appellant
guilty of both counts and assessed punishment at ninety-nine years for
each count.



DISCUSSION

Motion to Elect

 Appellant's first point of error challenges the trial court's
denial of his motion for the State to elect. Appellant argues that the
motion was proper pursuant to section 3.04 of the Texas Penal Code
and should have been granted unless it unjustly delayed the trial,
impeded justice, inconvenienced witnesses, or prejudiced the State. We
disagree.

 By statute, two or more offenses may be joined in a single
indictment, with each offense stated in a separate count, if the offenses
arise out of the same criminal episode. Tex. Code Crim. Proc. Ann. art.
21.24(a) (West 1989); Tex. Penal Code Ann. § 3.02(a) (West 1994). 
Although the State has the discretion to join multiple offenses arising
from the same criminal episode in a single indictment, a criminal
defendant has a right to request a severance of these offenses. Tex.
Penal Code Ann. § 3.04(a) (West 1994). When such a request is timely
made, the defendant's right to a severance is absolute, and severance is
mandatory. Coleman v. State, 788 S.W.2d 369, 371 (Tex. Crim. App.
1990); Nolte v. State, 854 S.W.2d 304, 307 (Tex. App.--Austin 1993, pet.
ref'd).

 At trial, appellant cited Fortune v. State, 745 S.W.2d 364 (Tex.
Crim. App. 1988), as the precedent for granting his motion to elect. In
Fortune, the court of criminal appeals held that, in the case of misjoinder, a
defendant has three options: (1) make a motion to quash the indictment;
(2) force the State to elect the count upon which it will proceed; or (3)
wait and urge error on appeal. Appellant, relying on Fortune, presented
a motion for the State to elect. A motion to elect, however, is premised
on the assumption that misjoinder has occurred. See Coleman, 788 S.W.2d
at 373. Appellant does not dispute that these two offenses arise out of
the same criminal episode, and he concedes that the joinder of theft and
unauthorized use charges was proper and the indictment was free of
defect. Therefore, a motion to elect was not a proper method by which
to sever these charges.

 Under certain circumstances, a motion to elect may amount
to a motion to sever. Coleman, 788 S.W.2d at 372; Overton v. State, 552
S.W.2d 849, 850 (Tex. Crim. App. 1977). A motion to elect may be
construed as a motion to sever even though it never once uses the word
"sever" or "severance" if it timely apprises the trial court that the
defendant does not desire to have his offenses joined in a common trial. 
Coleman, 788 S.W.2d at 372. However, when a motion to elect does not
indicate the defendant's desire for separate trials, it is not construed as
a motion to sever and is properly overruled. Id. at 373. Here,
appellant's motion to elect requested the court to direct the State to
choose under which count of the indictment it would proceed; however,
it did not indicate any request for separate trials of the separate offenses,
and as noted above, the two offenses were properly joined in a single
charging instrument. Finally, the motion to elect was not presented until
after the State had concluded its case-in-chief and appellant had pleaded
guilty to the unauthorized use count. The lateness of the motion reveals
it was not intended to be a request for a severance or for separate trials
of the two counts. Therefore, the trial court properly denied appellant's
motion. We overrule appellant's first point of error.


Double Jeopardy

 In his sixth point of error, appellant argues that the
constitutional protection against double jeopardy bars his prosecution
for the offenses of theft and unauthorized use of a motor vehicle where
both offenses involve the same vehicle and the same transaction. U.S.
Const. amend V; Texas Const. art. I, § 14. We need not reach the
merits of appellant's argument because the point was never raised in the
trial court and is untimely raised on appeal.

 Appellant raised this point of error for the first time in a
supplemental brief filed the day of oral argument. As a general rule, all
points of error presented for appellate review must be included in the
original brief. Tex. R. App. P. 74(p); Rochelle v. State, 791 S.W.2d 121,
124 (Tex. Crim. App. 1990). An additional point of error contained
only in a supplemental brief is not properly before the court for review. 
Berrios-Torres v. State, 802 S.W.2d 91, 94-95 (Tex. App.--Austin 1990, no
pet.). An appellant may present a new point of error in a supplemental
brief only with leave of the court "when justice requires." Tex. R. App.
P. 74(o); Rochelle, 791 S.W.2d at 124. In the instant case, appellant has
not requested leave to file a new point of error. We hold that appellant's
new point of error is not properly before this Court. We overrule
appellant's sixth point of error.



Prior Conviction Evidence

 In his third point of error, appellant claims the trial court
committed reversible error by admitting evidence of a prior conviction
when the date of conviction alleged in the indictment differed from the
conviction date shown by the State's evidence. The indictment in this
case alleges that appellant had been finally convicted of the felony
offense of unauthorized use of a motor vehicle in cause number F78-169-N on November 10, 1978. In support of this allegation, the State
introduced in evidence State's Exhibit Number 10, the "penitentiary
packet" (2) in cause number F78-169-N, and State's Exhibit Number 19,
the judgment and sentence in cause number F78-169-N. Both exhibits
reflect that appellant was sentenced on November 9, 1978, and
adjudged guilty on November 10, 1978. Appellant contends that the
variance between the two dates is fatal and, therefore, evidence of his
prior conviction should have been excluded. We disagree.

 The purpose of an enhancement allegation is to provide the
accused with notice of the prior conviction relied upon by the State. 
Coleman v. State, 577 S.W.2d 486, 488 (Tex. Crim. App. 1979). The
enhancement allegation need not have the specificity required of the
primary count. Id. at 488. A variance between the enhancement
allegation and its proof must mislead and prejudice a defendant to be
considered material and fatal. Freda v. State, 704 S.W.2d 41, 42 (Tex.
Crim. App. 1986); Plessinger v. State, 536 S.W.2d 380 (Tex. Crim. App.
1976). A variance between the date of the conviction alleged in an
enhancement paragraph of an indictment and the date of the conviction
shown by the State's evidence is not fatal. See, e.g., Thompson v. State, 563
S.W.2d 247 (Tex. Crim. App. 1978) (allegation of October 17, proof of
October 19); Benton v. State, 770 S.W.2d 946 (Tex. App.--Houston [1st
Dist.] 1989, pet. ref'd) (allegation of February 22, 1985, proof of
February 27, 1987). In the instant case, the indictment correctly alleged
the cause number of the earlier offense, the convicting court and its
location, and that the offense was a felony. Appellant has not
demonstrated that he was misled or prejudiced by the alleged variance. 
Accordingly, we hold that the variance between the enhancement
paragraph and the State's proof was not fatal. Appellant's third point of
error is overruled.



Jury Charge

 In his fourth point of error, appellant argues that the trial
court failed to properly apply the law to the facts in its instruction to the
jury on punishment. Specifically he complains that the trial court failed
to: (1) set forth with specificity what the jury must find beyond a
reasonable doubt; and (2) instruct the jury that they must find beyond a
reasonable doubt that the first enhancement conviction became final
prior to the date of the occurrence of the offense in the present case. 
Appellant argues that these alleged errors render the instruction
fundamentally defective. We disagree.

 Appellant was punished pursuant to section 12.42(d) of the
Texas Penal Code which states:



If it be shown on a trial of any felony offense that the
defendant has previously been finally convicted of two
felony offenses and the second previous felony conviction is
for an offense that occurred subsequent to the first previous
conviction having become final, on conviction he shall be
punished by confinement in the Texas Department of
Corrections for life or for any term not more than 99 years or
less than 25 years.



Tex. Penal Code Ann. § 12.42(d) (West 1994). After the jury returned
verdicts of guilty on both counts, the trial court had the duty of
instructing the jury on punishment where evidence of a prior criminal
record was to be presented. See Tex. Code Crim. Proc. Ann. art. 37.07,
§ 3(b) (West 1994). The allegedly defective portion of the jury charge
is as follows:



If you find beyond a reasonable doubt that the defendant is
the person who was so convicted as alleged in any two of the
penalty paragraphs of the indictment, and that the conviction
in one of the penalty paragraphs was for an offense that
occurred after the conviction in the other penalty paragraph
[here appellant alleges that the instruction must include
"became final"] you have found true, then you will find that
the allegations in those paragraphs are true and so state in
your verdict, and you will assess the defendant's punishment
. . . .


II


If you find beyond a reasonable doubt that the defendant is
the person who was so convicted as alleged in any one, but
only one, of the penalty paragraphs of the indictment then
you will find the allegations of that paragraph to be true and
so state in your verdict, and you will assess the defendant's
punishment . . . .


But if you do not so find, or if you have a reasonable doubt
thereof you will proceed to assess the defendant's
punishment . . . .



Appellant first contends that the jury instruction on punishment was
fundamentally defective because it did not set forth with specificity the
convictions upon which the jury was to base its findings. In support of
this argument, appellant cites two manuals for jury charges and their
recommended habitual offender charges. See Paul J. McClung, Jury
Charges for Texas Criminal Practice, 26 (revised ed. 1996); Michael J.
McCormick, Thomas D. Blackwell, & Betty Blackwell, Criminal Forms and
Trial Manual § 98.10 (10th ed. 1995). Both manuals, by example,
recommend that the enhancement convictions be described with
specificity (court, cause number, style, offense) in the application
paragraphs of the jury charge. In the instant case, although the
application paragraph of the jury instruction on punishment may be
lacking in specificity, the four paragraphs prior to the allegedly
defective paragraph track exactly the four penalty paragraphs from the
indictment, including the name of the previous offenses, the courts of
record, the cause numbers, and the dates of the final conviction. 
Although the details of each prior conviction were not alleged separately
in the application paragraph of the jury instruction, the details of each
prior conviction were read to the jury as part of the instruction on
punishment. Appellant cites no authority stating a court is required to
include the details of the enhancement convictions exclusively in the
application paragraph of the jury instruction. We hold that the jury
instruction on punishment was sufficiently specific to inform the jurors
as to what they were asked to consider.

 Appellant's second argument states that the trial court erred
by not instructing the jury that it must find that the prior offenses
enumerated in the penalty paragraphs became final before appellant's
present alleged offenses of theft and unauthorized use. Another court
has held a failure to instruct the jury that they must find that the
previous conviction became final first does not require a reversal. Damian
v. State, 776 S.W.2d 659 (Tex. App.--Houston [14th Dist.] 1989, pet.
ref'd). In Damian, the indictment specifically alleged that the previous
convictions became final prior to the commission of subsequent
offenses. Id. at 665. The jury instruction directed the jury to refer to the
enhancement paragraphs alleged in the indictment, and the enhancement
paragraphs were read into the record in the presence of the jury. Id. In
the instant case, the first paragraph under Roman Numeral One of the
charge of the court on punishment reads:



The State of Texas by indictment has further alleged that
before the commission of the offense for which he has been
found guilty, the defendant had previously been finally
convicted of four felony offenses, and that each was for an
offense that occurred after a previous conviction became
final.



The penalty paragraphs of the indictment were also reproduced in the
jury charge. Each paragraph alleged that appellant had been "finally"
convicted before the commission of the offenses for which the jury had
just found him guilty. We hold that the indictment was adequately
referenced throughout the jury charge on punishment. Appellant's
fourth point of error is overruled.



Failure to Admonish

 Appellant's fifth point of error complains the trial court failed
to admonish him that a plea of guilty might result in deportation if he
was not a United States citizen. See Tex. Code Crim. Proc. Ann. art.
26.13(a)(4) (West 1989). Appellant argues that this Court should
abandon its previous position of substantial compliance with the statute,
see Dixon v. State, 891 S.W.2d 783 (Tex. App.--Austin 1995, no pet.), and
adopt a standard of strict compliance. We decline to do so.

 When admonishing a defendant of the consequences of a
guilty plea, substantial compliance with the statute is sufficient. See
Tex. Code Crim. Proc. Ann. art. 26.13(c) (West 1989). In the instant
case, appellant received no article 26.13(a)(4) admonishment at the time
of his guilty plea. At an earlier proceeding, however, the trial court
inquired as to appellant's citizenship and received appellant's assurance
that he was a United States citizen. An inquiry into a defendant's
citizenship and an on-the-record assurance by the defendant
substantially complies with the requirements of article 26.13(a)(4). 
Dixon, 891 S.W.2d at 783-85. Accordingly, we hold that the trial court
acted in substantial compliance with article 26.13(a)(4) and overrule
appellant's fifth point of error.




Ineffective Assistance of Counsel

 Appellant's second point of error alleges appellant was
denied effective assistance of counsel. Specifically, appellant contends
he received ineffective assistance of counsel when his trial counsel
failed to: (1) conduct a proper voir dire; (2) preserve the trial court's
error in denying a challenge for cause; (3) enter the proper pleas to the
charges of theft and unauthorized use of a motor vehicle; (4) object to
the State's characterization of appellant as "gay"; (5) object to the
admissibility of photographs depicting appellant in possession of the
stolen vehicle; and (6) object to the admissibility of "penitentiary
packets" during the punishment phase of his trial. Appellant claims
these instances of alleged deficient representation prejudiced his defense
and deprived him of a fair trial.

 To show ineffective assistance of counsel, appellant must
show that: (1) trial counsel's performance was deficient, in that counsel
made such serious errors that he was not functioning effectively as
counsel; and (2) the deficient performance prejudiced the defense to
such a degree that appellant was deprived of a fair trial. Strickland v.
Washington, 466 U.S. 668, 687 (1984); Hernandez v. State, 726 S.W.2d 53, 57
(Tex. Crim. App. 1986). "Prejudice" is demonstrated when appellant
shows that there is a reasonable probability that, but for counsel's
unprofessional errors, the result of the proceeding would have been
different. O'Hara v. State, 837 S.W.2d 139, 143 (Tex. App.--Austin 1992,
pet. ref'd). A reasonable probability is a probability sufficient to
undermine confidence in the outcome of the trial. Strickland, 466 U.S. at
690.

 In evaluating an ineffective assistance of counsel claim,
counsel's performance is to be judged by the "totality of representation"
provided. Strickland, 466 U.S. at 690; Butler v. State, 716 S.W.2d 48, 54
(Tex. Crim. App. 1986). Appellant bears a heavy burden to prove his
ineffective assistance claim. We do not judge trial counsel's actions in
hindsight. Miniel v. State, 831 S.W.2d 310, 323 (Tex. Crim. App.), cert.
denied, 506 U.S. 885 (1992). Counsel is strongly presumed to have
provided adequate assistance and to have made all significant decisions
in the exercise of reasonable professional judgment. Strickland, 499 U.S.
at 690. As a general rule, isolated instances in the record reflecting
errors of omission or commission do not necessarily render counsel's
representation ineffective. McFarland v. State, 845 S.W.2d 824, 843 (Tex.
Crim. App. 1992); Ex parte Owens, 860 S.W.2d 727, 729 (Tex.
App.--Austin 1993, pet. ref'd).

 In light of the strong presumption of effective assistance
accorded trial counsel's conduct, a trial record is generally insufficient
to address claims of ineffective assistance. Jackson v. State, 877 S.W.2d
768, 772 (Tex. Crim. App. 1994) (Baird, J., concurring). An appellant
should first adduce facts to support a claim of ineffective assistance in
a motion for new trial or a petition for a writ of habeas corpus before
raising the claim on appeal. Id.; O'Hara, 837 S.W.2d at 144. When the
record contains no evidence of the reasoning behind trial counsel's
actions, an appellate court is not permitted to speculate about trial
counsel's strategy. Jackson, 877 S.W.2d at 771. In accordance with
Strickland, we must presume that trial counsel is better positioned to judge
the practicalities of a particular case. Delrio v. State 840 S.W.2d 443, 447
(Tex. Crim. App. 1992). Absent a record reflecting trial counsel's
reasoning for his actions, we must conclude that trial counsel's
performance was not deficient. Jackson, 877 S.W.2d at 771.

 Appellant has the burden of proving ineffective assistance of
counsel. Strickland, 466 U.S. at 689. Although appellant in the instant
case filed a motion for new trial, no hearing was held on the motion. 
Trial counsel did not testify as to the reasons for their actions, and no
record was generated to support appellant's claim of ineffective
assistance. Appellant urges this Court to speculate as to trial counsel's
reasoning, but as previously discussed, without a record from which to
judge the effectiveness of trial counsel, we must defer to his reasonable
professional judgment. See Delrio, 840 S.W.2d at 447.

 Appellant first contends that trial counsel rendered ineffective
assistance by conducting an incompetent voir dire. Appellant's only
evidence is the trial record, from which he draws isolated examples of
trial counsel's alleged ineffective assistance. A court should not be
swayed by isolated instances of alleged ineptitude. Keiser v. State, 880
S.W.2d 222, 225 (Tex. App.--Austin 1994, pet. ref'd); Haynes v. State, 790
S.W.2d 824, 827 (Tex. App.--Austin 1990, no pet.). The record is
silent as to the reasoning behind these isolated instances of alleged
deficient representation, and we refuse to speculate. See Jackson, 877
S.W.2d at 771. Appellant also complains that trial counsel rendered
ineffective assistance by failing to discuss the presumption of
innocence, the State's burden of proof, or the standard of proof beyond
a reasonable doubt. It is only necessary for defense counsel to raise
questions not raised by the prosecution. Trybule v. State, 737 S.W.2d 617,
620 (Tex. App.--Austin 1987, pet. ref'd). The record reflects that these
topics were covered during the State's voir dire. Faced with a silent
record and isolated instances of attorney conduct, we find that counsel's
voir dire was not deficient under the first prong of the Strickland test.

 Appellant's second allegation of ineffective assistance
concerns trial counsel's lack of understanding of challenges for cause. 
During voir dire, trial counsel unsuccessfully challenged for cause a
juror who admitted to being unable to consider the entire range of
punishment. Although this venire member did not serve on the jury,
appellant alleges on appeal that failure to preserve error for the denial
of a challenge for cause constitutes ineffective assistance of counsel. 
If a trial court overrules a defendant's challenge for cause, the defendant
may preserve error and establish harm by: (1) exhausting his
peremptory challenges; (2) being denied additional peremptory
challenges; and (3) showing for the record the seating of a juror upon
whom counsel would have exercised a peremptory challenge. Bell v. State,
724 S.W.2d 780, 795 (Tex. Crim. App. 1986). Here, the record is silent
as to the reasoning of appellant's trial counsel. Nothing in the record
indicates that trial counsel was forced to accept an unacceptable juror. 
This is an example of the kind of evidence that must be adduced prior
to appeal in order for an appellate court to gauge the effectiveness of
counsel. As previously discussed, without any evidence as to trial
counsel's strategy, we can not find that trial counsel's representation was
deficient.

 Appellant's third complaint of ineffective assistance involves
his plea of not guilty to the charge of theft and guilty to the charge of
unauthorized use of a vehicle. After the indictment was presented to the
jury, appellant changed his plea from not guilty to both charges to not
guilty of theft and guilty to unauthorized use. Appellant argues that
such a plea was based on trial counsel's faulty understanding of section
31.01 of the Texas Penal Code. Appellant argues in the alternative that,
whatever strategic value a plea of guilty to one offense might have
served, trial counsel chose to plead guilty to the wrong offense. 
Appellant's arguments are speculations, and we will not indulge them. 
The record contains no evidence of what motivated appellant to change
his plea. The only evidence before this Court is the trial record, and
appellant stated in the record that his plea was voluntary. Appellant
presents no evidence in his point of error to suggest otherwise.

 Appellant's fourth allegation of ineffective assistance accuses
trial counsel of failing to object to inadmissible evidence. At trial the
State introduced seven photographs in evidence, each depicting
appellant posing with the stolen automobile. The police seized the
photographs from inside appellant's briefcase in his hotel room after he
was placed under arrest. Grover Cleveland Walker, III, who was with
appellant in the hotel room at the time of his arrest, gave the police
permission to search the hotel room and take the photographs. Trial
counsel sought to suppress these photographs with a pretrial motion,
and the court carried the motion forward to consider during the trial. At
trial, trial counsel did not object to the introduction in evidence of two
of the photographs in which the owner of the car, testifying as a
witness, identified his stolen car. Trial counsel did object to the
admission of the other five photographs on the grounds that they were
duplicative and unnecessary to establish the presence of the defendant
with the car. Appellant alleges on appeal that third-party consent to
search another person's briefcase is not valid consent to search, and a
timely and proper objection by trial counsel would have prevented the
admission of the photographs in evidence.

 Although it would appear that counsel's performance in
failing to object was deficient, we can not determine from the record
before us whether the failure to object was part of counsel's trial
strategy. We note for example that the photographs were offered
initially through the owner of the car. Thereafter, eyewitnesses
identified appellant and placed him with the stolen car. It could have
been, therefore, that defense counsel decided not to object to evidence
that they knew to be cumulative. In addition, the record indicates that
the introduction of the photographs had no bearing on the subsequent
conviction, and any alleged error of trial counsel was harmless as a
matter of law. 

 Appellant's fifth example of ineffective assistance of counsel
is trial counsel's failure to object to the prosecutor's characterization of
appellant as "gay." In his opening statement, the prosecutor told the
jury that appellant had met a State's witness "in Dallas at a gay bar." 
Appellant contends that this information was irrelevant and prejudicial
and should have been excluded by a motion in limine. The record
affirmatively shows that trial counsel later brought appellant's
homosexuality into issue as a means of mitigating punishment. 
Therefore it appears from the available record that it was trial counsel's
strategy not to object. The trial record reflects that trial counsel's
representation was not deficient, and in the absence of an additional
record disclosing trial counsel's strategy, we will not engage in
speculation.

 Appellant's sixth complaint of ineffective assistance asserts
that trial counsel failed to object to inadmissible evidence introduced
during the punishment phase of the trial. Effective assistance of counsel
during the punishment phase of a trial is governed by a reasonably
effective assistance of counsel standard. Ex parte Cruz, 739 S.W.2d 53, 58
(Tex. Crim. App. 1987). The test for effective assistance is: (1)
whether counsel was reasonably likely to render effective assistance;
and (2) whether counsel reasonably rendered effective assistance. Ex
parte Duffy, 607 S.W.2d 507, 514 n.14 (Tex. Crim. App. 1980); see also Craig
v. State, 825 S.W.2d 128, 130 (Tex. Crim. App. 1992); Ex parte Walker, 794
S.W.2d 36, 37 (Tex. Crim. App. 1990).

 Appellant contends that trial counsel's failure to object
permitted the introduction in evidence of inadmissible hearsay,
inadmissible details of prior convictions, and improperly authenticated
and identified documents. At trial, the State introduced State's Exhibit
12, the penitentiary packet in Cause Number F85-038-HR, State's
Exhibit 15, the penitentiary packet in Cause Number M87-5105-L, and
State's Exhibit 18, court documents in Cause Number 16029. Exhibit
12 contained a Texas Department of Corrections "Inmate Tracking
System" form, Exhibit 15 contained a "Prisoner Custody, Detention and
Disposition Record," and Exhibit 18 contained a "Waiver of
Constitutional Rights," an "Agreement to Stipulate and Judicial
Confession," a "Waiver of Presentence Report," a "Defendant's
Affidavit of Indigency," and a "State's Motion to Strike Words or
Paragraphs of the Indictment." Although appellant concedes that the
penitentiary packets are admissible for the purposes of proving prior
convictions, he claims that each of these documents contained
inadmissible hearsay to which trial counsel failed to object. We hold
that while the aforementioned documents may have contained hearsay,
the materials contained within the exhibits were innocuous and played
no role in the jury's assessment of punishment.

 Appellant also contends that trial counsel rendered ineffective
assistance by failing to object to the admission of exhibits containing
details of prior convictions. The State introduced State's Exhibit 13, a
Stipulation of Facts in Cause Number F85-038-HR, and State's Exhibit
16, an arrest report in Cause Number 16029. Appellant relies on Cliburn
v. State, 661 S.W.2d 731 (Tex. Crim. App. 1983), and contends both
exhibits are inadmissible because details of a prior conviction cannot be
used to prove the prior conviction. We hold that Cliburn does not apply
to the facts of this case. The record shows that the penitentiary packet
in Cause Number F85-038-HR (State's Exhibit 12) and the penitentiary
packet and other court documents in Cause Number 16029 (State's
Exhibits 17 and 18) were also introduced in evidence. The introduction
of these other exhibits rendered the admission of Exhibits 13 and 16
cumulative and harmless.

 Appellant's final complaint is that trial counsel provided
ineffective assistance by failing to object to improperly authenticated
and identified evidence. State's Exhibit 12, the aforementioned
penitentiary packet in Cause Number F85-038-HR, contained a copy of
a judgment for an unrelated offense, Cause Number 396617. Appellant
concedes that the penitentiary packet was properly authenticated and
admissible, but he claims that the extraneous document was not
authenticated and therefore inadmissible. The State also introduced
State's Exhibits 13-24, copies of judgments and other court documents
related to appellant's convictions. The State's fingerprint expert testified
that documents with identical cause numbers are records from the same
conviction, and exhibits 13-24 were admitted. Appellant contends that
a simple comparison of cause numbers was insufficient to prove his
identity as the same person previously convicted. The record shows
that the judgments and court documents in exhibits 13-24 were mostly
comprised of copies of documents already admitted in evidence. 
Although the State's exhibits may have been vulnerable to hearsay
objections on the grounds of improper identification or authentication,
their admission in the instant case was cumulative and harmless. We
hold that trial counsel rendered reasonably effective assistance during
the punishment phase of the trial. Appellant's second point of error is
overruled.



CONCLUSION

 Having overruled all six of appellant's points of error, we
affirm the judgment of the trial court.



 
 Mack Kidd, Justice

Before Chief Justice Carroll, Justices Kidd and B. A. Smith

Affirmed

Filed: March 6, 1997

Do Not Publish

1. [1]  The range of punishment under these circumstances is a term of years between twenty-five and
ninety-nine years or life imprisonment. See Tex. Penal Code Ann. § 12.42(d) (West 1994).
2. [2]  A "penitentiary packet" is a record of a prior conviction containing a copy of the judgment and
sentence in the case, the prisoner's fingerprints and photograph taken upon admission to the prison, and
a physical description of the inmate. George E. Dix & Robert O. Dawson, Criminal Practice and
Procedure § 38.90 (1995).


mber 16029. Exhibit
12 contained a Texas Department of Corrections "Inmate Tracking
System" form, Exhibit 15 contained a "Prisoner Custody, Detention and
Disposition Record," and Exhibit 18 contained a "Waiver of
Constitutional Rights," an "Agreement to Stipulate and Judicial
Confession," a "Waiver of Presentence Report," a "Defendant's
Affidavit of Indigency," and a "State's Motion to Strike Words or
Paragraphs of the Indictment." Although appellant concedes that the
penitentiary packets are admissible for the purposes of proving prior
convictions, he claims that each of these documents contained
inadmissible hearsay to which trial counsel failed to object. We hold
that while the aforementioned documents may have contained hearsay,
the materials contained within the exhibits were innocuous and played
no role in the jury's assessment of punishment.

 Appellant also contends that trial counsel rendered ineffective
assistance by failing to object to the admission of exhibits containing
details of prior convictions. The State introduced State's Exhibit 13, a
Stipulation of Facts in Cause Number F85-038-HR, and State's Exhibit
16, an arrest report in Cause Number 16029. Appellant relies on Cliburn
v. State, 661 S.W.2d 731 (Tex. Crim. App. 1983), and contends both
exhibits are inadmissible because details of a prior conviction cannot be
used to prove the prior conviction. We hold that Cliburn does not apply
to the facts of this case. The record shows that the penitentiary packet
in Cause Number F85-038-HR (State's Exhibit 12) and the penitentiary
packet and other court documents in Cause Number 16029 (State's
Exhibits 17 and 18) were also introduced in evidence. The introduction
of these other exhibits rendered the admission of Exhibits 13 and 16
cumulative and harmless.

 Appellant's final complaint is that trial counsel provided
ineffective assistance by failing to object to improperly authenticated
and identified evidence. State's Exhibit 12, the aforementioned
penitentiary packet in Cause Number F85-038-HR, contained a copy of
a judgment for an unrelated offense, Cause Number 396617. Appellant
concedes that the penitentiary packet was properly authenticated and
admissible, but he claims that the extraneous document was not
authenticated and therefore inadmissible. The State also introduced
State's Exhibits 13-24, copies of judgments and other court documents
related to appellant's convictions. The State's fingerprint expert testified
that documents with identical cause numbers are records from the same
conviction, and exhibits 13-24 were admitted. Appellant contends that
a simple comparison of cause numbers was insufficient to prove his
identity as the same person previously convicted. The record shows
that the judgments and court documents in exhibits 13-24 were mostly
comprised of copies of documents already admitted in evidence. 
Although the State's exhibits may have been vulnerable to hearsay
objections on the grounds of improper identification or authentication,
their admission in the instant case was cumulative and harmless. We
hold that trial counsel rendered reasonably effective assistance during
the punishment phase of the trial. Appellant's second point of error is
overruled.



CONCLUSION

 Having overruled all six of appellant's points of error, we
affirm the judgment of the trial court.



 
 Mack Kidd, Justice

Before Chief Justice Carroll, Justices Kidd and B. A. Smith

Affirmed

Filed: March 6, 1997

Do Not Publish

1. [1]  The range of punishment under these circumstances is a term of years between twenty-five and
ninety-nine years or life imprisonment. See Tex. Penal Code Ann. § 12.42(d) (West 1994).
2. [2]  A "penitentiary packet" is a record of a prior conviction containing a copy of the judgment and
sentence in the case, the prisoner's fingerprints and photograph taken upon admission to the prison, and
a phy