# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-01-00168-CR

**Jerald Ytuarte, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE DISTRICT COURT OF COMAL COUNTY, 22ND JUDICIAL DISTRICT
### NO. CR2000-009, HONORABLE CHARLES R. RAMSAY, JUDGE PRESIDING

On January 25, 2001, a jury convicted appellant Jerald Ytuarte of burglary of a habitation and sentenced him to seventy-five years in jail.[1]  *See* Tex. Pen. Code Ann. ' 30.02 (West 2002). Appellant appeals this conviction and contends the district court erred by: (1) admitting testimony concerning oral statements that appellant made to a law enforcement officer, (2) admitting testimony regarding appellant=s prior felony convictions, (3) allowing the State to impeach appellant with a prior conviction for failure to identify, (4) admitting testimony of specific instances of appellant=s conduct to show his character for untruthfulness, and (5) submitting an erroneous instruction in the jury charge.  We will affirm the judgment of the trial court.

---

[1]  Before closing arguments in the guilt/innocence phase of appellant=s trial, the State waived count one of the indictment charging appellant with sexual assault.

**DISCUSSION**

Appellant asserts five issues on appeal; however, appellant failed to object to these issues or raise them during trial and accordingly has not preserved any of them for appeal. *See* Tex. R. App. P. 33.1. For that reason, they are all overruled. In the interest of justice, however, we will briefly address the merits of each of appellant=s issues.

*Admission of Evidence*

In his first four issues, appellant contends the trial court erred by erroneously admitting certain testimony into evidence. The admission or exclusion of evidence is committed to the trial court=s sound discretion. *Montgomery v. State*, 810 S.W.2d 372, 391 (Tex. Crim. App. 1990). A trial court=s ruling on the admissibility of evidence will be overturned only if the ruling is so clearly wrong that it lies outside the zone of reasonable disagreement. *Id.*

In his first issue, appellant contends the trial court erred by admitting the testimony of New Braunfels Police Detective Tarinna Skrzycki regarding oral statements that appellant made to her. At trial, Skrzycki testified that she first interviewed appellant on July 2, 1999, during the course of an investigation. When Skrzycki asked appellant if he had had sex with the victim, appellant would not answer. On July 20, 1999, Skrzycki arrested appellant for sexual assault and took him to the hospital pursuant to a search warrant for a DNA analysis. On the way to the hospital, Skrzycki explained to appellant that a DNA comparison would be made between appellant and the victim. Appellant then asked Skrzycki, AHow do I prove it was consensual?@ In response, Skrzycki inquired whether appellant had engaged in sex with the

victim, to which appellant answered Akind of.@ Skrzycki asked appellant to tell her what had happened, but appellant did not answer.

Appellant did not object to Detective Skrzycki=s testimony, and has not preserved the issue for appeal. *See* Tex. R. App. P. 33.1. However, even if we assume that appellant preserved this error, the trial court did not abuse its discretion in admitting Detective Skrzycki=s testimony. Appellant argues in his brief that the oral statements made to Skrzycki were the result of custodial interrogation and therefore should not have been admitted. Custodial interrogation involves questioning initiated by a law enforcement officer after a person has been taken into custody or otherwise deprived of his freedom of action in any significant way. *Shiflet v. State*, 732 S.W.2d 622, 624 (Tex. Crim. App. 1985). If, while in custody, an oral admission is given freely, voluntarily, without compulsion or persuasion, and not in response to interrogation, it is admissible as evidence. *See id.*; *East v. State*, 702 S.W.2d 606, 614 (Tex. Crim. App. 1985). Appellant=s statements, although made while in custody, were voluntary. Detective Skrzycki=s question ADid you have sex with her?@ was in response to appellant=s question AHow do I prove it was consensual?@ The record reflects that appellant made these statements voluntarily, and appellant cannot show that the district court abused its discretion by admitting Detective Skrzycki=s testimony.

In his second issue, appellant contends that the trial court erred by allowing the State to elicit testimony regarding the details of appellant=s prior felony conviction. Appellant testified in the guilt/innocence phase of the trial. During cross examination, the State asked appellant if he was a convicted felon. Appellant responded, AI am now . . . . After this trial.@ The State responded, ASo you=re saying because of the rape you are a convicted felon?@ Appellant replied, ANo, I=m not saying because of that . . .

**3**

. They had no other resources to do it with, to convict me. I=m pending with this charge here.@ The State attempted to clarify appellant=s testimony by saying, AYou=re convicted of theft,@ to which appellant agreed. The State further clarified, AYou=re not convicted of theft because [the victim] made up some charges of rape.@ Appellant answered, ANo. But . . . they couldn=t send me to no kind of treatment for . . . why I was revoked on my probation.@ The State then asked, AIt=s [the victim=s] fault that you=re a convicted felon?@ Appellant responded, ANo, it=s not her fault. I mean her accusations.@ The State contends that appellant was leaving a false impression with the jury by implying that it was the victim=s fault that he was a convicted felon. To clarify the situation, the State asked, AWhat did you do wrong while you were on probation?@ Appellant read from State=s exhibit 13, the judgment revoking his probation, and listed several probation violations. The State responded, AOkay, so it wasn=t [the victim=s] fault. It=s just because you weren=t writing in and you weren=t paying.@

The State continued to elicit testimony from appellant regarding other violations of his probation including failure of a drug test, failure to perform community service, and testing positive for amphetamines. During redirect examination, appellant stated, AJust to have somebody make an accusation against you can be grounds to terminate . . . probation.@ Appellant further explained that the pending sexual assault and burglary charges contributed to his probation revocation.

Generally, the State may prove that probation was revoked, but it may not prove the *details* of the offense that formed the basis of the revocation. *Cliburn v. State*, 661 S.W.2d 731, 732 (Tex. Crim. App. 1983). The State argues, however, that when a defendant leaves a false impression with the jury concerning lawful behavior, it opens the door for impeachment on matters normally inadmissible.

**4**

*Turner v. State*, 4 S.W.3d 74, 79 (Tex. App.CWaco 1999, no pet.). However, the *Turner* court specifically held that this exception applies only when the defendant leaves a false impression with the jury on direct examination. *Id.*; *see also Shipman v. State*, 604 S.W.2d 182, 184-85 (Tex. Crim. App. 1980). The exception does not apply when the false impression is created by the State=s questioning on cross examination. *Shipman*, 604 S.W.2d at 184-85. In this case, the State incorrectly presented documents concerning the details of the offenses used to revoke appellant=s probation; however, appellant did not object at the time this evidence was presented. Therefore, appellant waived the right to complain of this error on appeal. *See* Tex. R. App. P. 33.1.

In his third issue, appellant contends that the trial court erred by allowing the State to impeach appellant with his prior conviction for failure to identify. During the State=s cross examination of appellant, the State asked appellant if he had ever been convicted for failure to identify. Appellant admitted that he had a misdemeanor conviction for giving a police officerAthe wrong ID.@ Appellant did not object to this testimony when it was presented. Therefore, he has not preserved the error for appeal. *See* Tex. R. App. P. 33.1.

Even if we assume that appellant preserved the error, the trial court did not abuse its discretion in admitting the testimony concerning appellant=s prior conviction. Generally, a witness cannot be impeached by a prior offense unless the charges resulted in a conviction for either a felony offense or an offense involving moral turpitude. Tex. R. Evid. 609. Moral turpitude offenses include those involving dishonesty or false statement. *Dallas County Bail Bond Bd. v. Mason*, 773 S.W.2d 586, 589 (Tex. App.CDallas 1989, no writ). A person commits the offense of failure to identify by intentionally giving a

**5**

false or fictitious name to a police officer under certain circumstances. Tex. Pen. Code Ann. ' 38.02(b) (West 2002). Thus, the offense of failure to identify is a moral turpitude offense. *See Lape v. State*, 893 S.W.2d 949, 958 (Tex. App.CHouston [14th Dist.] 1994, pet. ref=d). The trial court did not abuse its discretion in allowing the State to elicit testimony concerning appellant=s prior conviction.

In his fourth issue, appellant contends that the trial court erred by allowing the State to elicit testimony regarding specific instances of conduct that showed appellant=s character for untruthfulness. The State called Eduardo Escobedo as a rebuttal witness. Escobedo testified that he had previously worked with appellant at a lumberyard, and that several times appellant had lied and told their boss that he did not damage the lumber they were moving. Appellant did not object to this evidence when it was presented. On cross examination, appellant=s attorney asked Escobedo how well he knew the appellant. Escobedo replied, AI just know him by, you know, acquaintance at work.@ Appellant=s attorney said, ASo is that why you said that you . . . really couldn=t state for sure whether or not he was a truthful person?@ Escobedo replied, AYeah.@

Other than conviction of a crime, a witness=s character for truthfulness may not be impeached by proof of specific instances of conduct. Tex. R. Evid. 608(b); *Gonzales v. State*, 929 S.W.2d 546, 549 (Tex. App.CAustin 1996, pet. ref=d). Rule 608(b) is very restrictive and allows for no exceptions. *See* Tex. R. Evid. 608(b); *Ramirez v. State,* 802 S.W.2d 674, 676 (Tex. Crim. App. 1990). We note the State=s reference to the concurrence in *Ramirez*, stating that a witness who makes blanket statements that leave the jury with a false impression regarding his character for truthfulness may be impeached with a specific instance of conduct to correct the false impression. *Ramirez*, 802 S.W.2d 674,

**6**

677 (Miller, J., concurring). However, because appellant did not object to this evidence, he failed to preserve this issue for appeal. *See* Tex. R. App. P. 33.1. Even if appellant had preserved the error, the record does not reflect that, had the judge excluded Escobedo=s testimony, the jury would have reached a different verdict. *See Lockhart v. State*, 847 S.W.2d 568, 573 (Tex. Crim. App. 1992).

### *Jury Charge*

In his fifth issue, appellant contends that the trial court erred by including an erroneous definition of reasonable doubt in the jury charge. The trial court instructed the jury: AIt is not required that the prosecution prove guilt beyond all possible doubt; it is required that the prosecution=s proof excludes all >reasonable doubt= concerning the defendant=s guilt.@ Appellant did not object to the inclusion of this definition in the jury charge.

If no proper objection was made at trial, the defendant must claim that the error was Afundamental,@ and the judgment will be reversed only if the error is so egregious and created such harm that the defendant Ahas not had a fair and impartial trial.@ *Alamanza v. State*, 686 S.W.2d 157, 171-72 (Tex. Crim. App. 1984). The actual degree of harm must be assessed in light of the entire jury charge, the state of the evidence, including the contested issues and weight of the probative evidence, the argument of counsel, and any other relevant information revealed by the record of the trial as a whole. *Id.*

Appellant did not object to the trial court=s inclusion of the reasonable doubt instruction; therefore, reversal is warranted only if we find that the error caused egregious harm and that appellant was deprived of a fair and impartial trial. After reviewing the record, we cannot say that the inclusion of the instruction caused egregious harm or that appellant was deprived of a fair and impartial trial.

## CONCLUSION

**We overrule each of appellant=s issues and affirm the judgment of the trial court.**

 

_____

**Marilyn Aboussie, Chief Justice**

Before Chief Justice Aboussie, Justices B. A. Smith and Yeakel

Affirmed

Filed:   May 2, 2002

Do Not Publish